You ready, Counselor? Yes, I am, Your Honor. Jeffrey Allen Sklar for the Appellants Aimee Sabolyk and Global Asset Advisors, Inc. An injunction is an extraordinary equitable remedy where monetary damages are inadequate. In our case, a jury was presented with the choice to give monetary damages on a USTA claim and they found that there was no causation for damages and awarded zero on that USTA claim. Counsel, I hate to interrupt you, but I just would love to know why this case isn't moved. I was going to start off with that and I wasn't sure. I think that's the best place to go. Okay, and I will say this. We don't have a judgment in this case yet. No judgment has been entered. Have they filed any claims about what you've done since the injunction was issued up to last August? No, nothing has happened. Have they made any representations to you that there are claims that are out there? The claims that are out there in the sense of claims, I would say, and I might have misspoken, they seek and they have said they will seek to use this injunction as part of an argument to say they prevailed on the USTA claim. And the essence of this injunction is who prevailed. To the extent that this injunction, according to the defendants and appellants, was improperly granted. Is this just for attorney's fees?  Is this just for attorney's fees? I think that they may use it to say that they prevailed and try to make an attorney fees claim on it. So to the extent that it's out there, we're seeking to say, hey, this wasn't right. You know, for the record, this wasn't properly entered. We did not lose that claim and we prevailed. The only reason I ask this is that the injunction time is over. It is. I was trying to figure out, like my good colleague, the injunction time is over. Doesn't seem like there was any other claim ever brought. In fact, I'm going to bring counsel up here and I'm going to ask him straight out. You got any claims about the injunction? You got anything going on? Because he's the one saying it's moot. If he represents to me, there's nothing to be further said about this injunction. They haven't done anything to violate it and it's not of any problem thus far. Then I'm trying to figure out why it isn't moot. And the only answer I have for that is because no judgment has been entered in this case. That's it? Yeah, that really is it. And to the extent that they would use it to claim they're the prevailing party, we don't think this injunction was properly entered. And that really is it, Your Honor. I mean, I'd like to say there's more. And I hear what the panel is thinking. It's certainly been on my mind. You know, you get 30 days. You see this appeal. You say, hey, I think that the judge made a mistake. The case just came out that looks like it might play into this. And now a year and a half later, I didn't know we wouldn't still have a judgment entered at that point. I really didn't have the crystal ball before me. But I do recognize the court's argument. And I can reserve my time. I don't want to waste anybody's time on a long argument if the court is inclined to that. If you want to hear from him and then I'll come back, it's really up to the court. Well, I expect I have ‑‑ maybe we could have counsel come up and maybe ask. Yeah, I mean, I had a short oral argument anyway. But I'll have a seat. We'll put you back. You've got 11 minutes. I'll give you your 11. Counselor, you're the one arguing this is moot. Yeah, good morning, Your Honor. Lawrence Hilton of O'Neill, LLP, appearing on behalf of the Appellee Strike Point Trading. Your Honor, to answer your direct question, there has been no claim. Will you say for us right here on the record there will be no claim? Absolutely. There has been ‑‑ there will be no claim. The injunction expired last August. We had no information whatsoever to suggest that there was any violation of the injunction. We've made no claim and we will make no claim, Your Honor, that there was any violation of the injunction. Is it ever possible that something might arise in the future where it will be important that we have a judgment in this case and do not hold it to be moot? I don't think so, Your Honor, and let me explain why. The shelf life, if you will, of the value of these customer names, going back now, it's been almost four years, this symbolic left strike point, the value of the client list and these names really just diminishes over time. So even if we were to find out six months or a year from now that during the time period of the injunction there was some solicitation of the client, I think my client would have no interest in pursuing it because so much time has gone by. If that person by now had left strike point and gone to global asset advisors, it would have been for reasons other than the misappropriation and the injury would be so remote because of the passage of time. I don't foresee, Your Honor, any circumstances under which there would ever be a claim, a future claim of a violation during the pendency of the injunction. Why don't you answer, sorry, did you have an answer? No, no, that's all right. Go ahead. No, please. Did you have an answer to counsel's argument, Mr. Sklar's argument that you're going to use this to try to get you some attorney's fees regarding this? That's my question. I can answer that, Your Honor. We have no intention, and I'll represent on the record, we have no intention of seeking attorney's fees against global asset advisors. If we seek attorney's fees against Amy Cibolic, it will be because we prevailed on a money judgment. On the breach of contract. We prevailed on the breach of contract, and the jury did find over $100,000 of damages. So we would not use the injunction as a basis for seeking attorney's fees against global asset advisors or against Ms. Cibolic. Counselor, I think I've asked all the questions. I want to thank counsel for that representation, and it's new to me. I didn't know that was the case, and to the extent that's the representation, it certainly takes the wind out of the sails of my argument about it not being moved. I had all this nice stuff on the law in 16-600 I wanted to talk about and all the changes, but it doesn't look like we're going to get there. I'd love to if you want to hear it, but I didn't let the court wise any questions. But his representation is both that there have been and he doesn't expect if there were any violations, and that's a point well taken. And also that he's not seeking attorney fees against GAA based on this or anything else, or Cibolic for that matter. And only he's going to proceed pursuant to the jury finding on the underlying contract claim. It's tough for me to stand here with a straight face and say let's keep going. All right. And with a straight face I'll say case submitted. Thanks for your time. Thank you. Thank you very much. All right. Thank you. All rise. This court for this session stands adjourned. Thank you very much, Counselor. Thank you. Thank you. Frankly, that's the kind of stuff I like. I like attorneys to be right at their best and do their best arguments but make the points that need to be made.
judges: Goodwin, Nelson D. W., Smith N. R.